**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **CRIMINAL NO. 4:13-CR-167-ALM-KPJ** |
| **RONNIE RAY RADEMACHER** | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 7, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Camelia Lopez.

On October 10, 2006, Defendant was sentenced by the Honorable Robert G. James, United States District Judge, to a sentence of two-hundred forty (240) months imprisonment followed by a ten (10) year term of supervised release for a violation of 21 U.S.C. §§ 841, 846, and 851 – Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine.

On September 30, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 19).  The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not unlawfully possess a controlled substance; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) after initially reporting to the probation office, Defendant shall receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (4) Defendant shall live

1

at a place approved by the probation officer, and if Defendant plans to change where he lives or anything about his living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least ten (10) days before the change, and if notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change; (5) Defendant must work full time (at least thirty (30) hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so, and if Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so, and if Defendant plans to change where he works or anything about his work (such as his position or job responsibilities), Defendant must notify the probation officer at least ten (10) days before the change, and if notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change; (6) Defendant shall follow the instructions of the probation officer related to the conditions of supervision; and (7) Defendant shall participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program, and Defendant must pay any cost associated with treatment and testing.

The Petition asserts that Defendant violated these conditions because:

(1) July 1, 2019, Defendant submitted a urine specimen which tested positive for methamphetamine. Defendant admitted verbally and in writing to said drug use and the specimen was confirmed positive by Alere Laboratory Inc.; (2) on August 8, 2019, Defendant submitted a urine specimen which tested positive for methamphetamine. Defendant admitted verbally and in writing to said drug use; on September 5, 2019, Defendant submitted a urine specimen which

tested positive for methamphetamine. Defendant admitted verbally and in writing to said drug use and the specimen was confirmed positive by Alere Laboratory Inc.; on September 25, 2019, Defendant submitted a urine specimen which tested positive for methamphetamine, Defedant admitted verbally and in writing to said drug use; (3) on August 29, 2019, Defendant failed to report to the probation officer as instructed; (4) on July 29, 2019, the probation officer conducted an unannounced home visit at Defendant's reported residence and was informed by Defendant's grandmother and mother that he no longer lived at the residence and they did not know where Defendant was living; on August 8, 2019, when questioned regarding where he was living, Defendant reported he was living from motel to motel, and was instructed to keep the probation officer notified as to where he was staying and to secure a stable residence, but Defendant has failed to keep the officer apprised of where he is staying; (5) on July 9, 2018, Defendant reported he was terminated from his job at Anderson Windows Garland, Texas, on July 5, 2018, but failed to notify the probation office within seventy-two (72) hours of the change of employment; (6) on June 19, 2019, Defendant was instructed to report to the U.S. Probation Office to submit a urine specimen, but failed to follow these instructions; and (7) on September 11, 2019, Defendant failed to attend substance abuse counseling at Fletcher Counseling, Plano, Texas, as directed; and on July 13, August 13, August 21, September 11, and September 16, 2019, Defendant failed to submit to drug testing at On-Scene, McKinney, Texas, as scheduled.

At the hearing, Defendant entered a plea of true to violation of allegations one and two (1–2) and the Government dismissed allegations three through seven (3–7). Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 7, 2019 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with twelve (12) months supervised release to follow.

**So ORDERED and SIGNED this 18th day of November, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE